UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMONT TOBY,<br><br>                    Plaintiff,<br><br>     v.<br><br>VALHALLA JAIL INDUSTRIES, *et al.*,<br><br>                    Defendants. | Case No.  C07-5196FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 1, 2007 |

    This matter comes before the court sua sponte after the initial review of the complaint, which was submitted along with a motion for proceed in forma pauperis.  For reasons set forth below, the undersigned recommends that plaintiff's action and complaint be dismissed as frivolous.

DISCUSSION

    A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert.*

*denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim. 28 U.S.C. § 1915; <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.1998).

Here, plaintiff's complaint is nonsensical, it does not establish jurisdiction with this court, and it fails to allege any constitutional violation of plaintiff's civil rights. In its entirety, the "Statement of Claim" provides, "George Bob Wilson is runing scam with everybody in this whole world I am kidnap and its every conspircies charges in this whole world and I wont every body in my indertys in my campain companys lock up." The "Relief" portion of the complaint states, "I want thim all lock up. George Bob Wilson is runing scam and he my manager for the whole indersty and my campain and for the rest of my propertys but he was buying a lot of people and was buying property without my orders and the other peoples was stilling a lot of my propertys also."

Plaintiff is incarcerated at the Auburn Correctional Facility in New York. The complaint names only one defendant, "Valhalla Jail Indersty", and it does not explain the role or relationship of the defendant to the claims being made. It does not appear the court would have jurisdiction over this defendant. Moreover, the complaint lacks any meaning or cause of action based on an alleged federal civil right.

## CONCLUSION

Because plaintiff fails to state a cognizable §1983 constitutional claim, the Court should DISMISS this case as frivolous. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 1, 2007**, as noted in the caption.

DATED this 9th day of May, 2007.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge